No. 787          October 30, 2024          797

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of N. E., aka N. E. E.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. G.,
aka A. S. G.,
*Appellant.*

Deschutes County Circuit Court
19JU00645; A181618

Beth M. Bagley, Judge.

Submitted December 20, 2023.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sean Connor, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Appeal dismissed.

**POWERS, J.**

Father appeals from a judgment that established a permanent guardianship for N, his nine-year-old daughter, after he failed to personally appear at the hearing on the motion, which resulted in a default judgment. On appeal, father first asserts that his trial counsel, who did appear before the juvenile court, provided inadequate assistance of counsel by not asking for a continuance or offering any legal argument on father's behalf. Second, father contends that the juvenile court erred by establishing a permanent guardianship for N under ORS 419B.365. As we explain below, because father's failure to appear resulted in a default judgment, we dismiss father's appeal without reaching the merits of his assignments of error.

We set out only a limited recitation of the underlying facts in this nonprecedential memorandum opinion because the parties are familiar with the undisputed procedural and background facts. Briefly stated, N has been a ward of the juvenile court since 2019, and in September 2022, the Department of Human Services (DHS) filed a petition to establish a permanent guardianship for N. Father was personally served with a summons and a copy of the guardianship petition in April 2023. The summons ordered father to appear for trial on a specific date in May:

> "You must appear personally in the courtroom on the date and at the time listed above. An attorney may not attend the hearing in your place. Therefore, you must appear even if your attorney also appears."

(Boldface omitted.) Father failed to appear as summoned. Father's trial counsel, however, was at the hearing but did not ask for a continuance. The court allowed DHS to proceed with its *prima facie* case. Father's trial counsel did not object to hearsay statements during DHS's case. At the conclusion of the hearing, the court adopted the findings requested by DHS and entered a judgment establishing an ORS 419B.365 guardianship over N.

ORS 19.245(2) bars an appeal of a judgment given for "want of an answer," subject to three exceptions that are not applicable here. Under ORS 419B.819(2), a summons

to a hearing on a motion for a permanent guardianship requires that a parent answer the petition by filing a written response or appearing personally before the court at the time and place indicated by the summons. If a parent fails to properly answer the summons, ORS 19.245(2) will bar an appeal. *See State ex rel Juv. Dept. v. Jenkins*, 209 Or App 637, 641-46, 149 P3d 324 (2006), *rev den*, 324 Or 416 (2007) (discussing whether the legislature intended ORS 19.245(2) to apply to default judgments in termination proceedings and concluding that it did apply because ORS 419B.819(2) requires an answer). We explained that, if a parent fails to appear at the time and place indicated by the summons, that failure is "tantamount to [the parent's] consent that the court grant the relief requested by the petition." *Id.* at 645. Moreover, once DHS presents a *prima facie* case, a parent's failure to contest the evidence leaves nothing for the juvenile court to adjudicate. *Id.* at 645-46. Consequently, when a parent fails to make an initial appearance at the time and place as indicated by the summons, the parent waives his, her, or their right to appeal, and any appeal must be dismissed for lack of an appealable judgment. *See, e.g.*, *id.* (dismissing the father's appeal that challenged the juvenile court's refusal to appoint an attorney to represent him because the father failed to appear at the termination hearing); *Dept. of Human Services v. A. C. L. R.*, 298 Or App 690, 691-92, 450 P3d 56 (2019) (dismissing the mother's appeal that asserted an inadequate assistance of counsel claim because the mother failed to appear at the termination proceeding, which resulted in a default judgment).

Here, father's failure to appear before the juvenile court on the date and time indicated in the summons resulted in a default judgment. Accordingly, we dismiss father's appeal for lack of an appealable judgment and do not reach the merits of his assignments of error.

Appeal dismissed.